IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **PRESIDENT CURTIS JONES OF COMPUTER LEARNING CENTERS OF UTAH,** | **REPORT AND RECOMMENDATION** |
| Petitioner, | Case No. 2:16-cv-01250-DN-PMW |
| v. | |
| **UNITED STATES OF AMERICA, COMMISSIONER OF INTERNAL REVENUE, and CODY T. NELSON REVENUE AGENT,** | **Chief District Judge David Nuffer** |
| Respondents. | **Chief Magistrate Judge Paul M. Warner** |

Chief District Judge David Nuffer referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Petitioner's petition to quash third-party summons ("Petition")[2] and Respondents' motion to dismiss the Petition.[3] Petitioner did not respond to the motion. The court has carefully reviewed the motion submitted by Respondents. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written submission. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 4.

[2] *See* docket no. 1.

[3] *See* docket no. 5.

Respondents' motion seeks, in part, dismissal of the Petition under rule 12(b)(1) of the Federal Rules of Civil Procedure. The following standards govern a motion brought under rule 12(b)(1).

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a [motion under rule 56 of the Federal Rules of Civil Procedure].

*Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citations omitted).

Respondents' motion, in part, takes the second form identified above. Accordingly, when reciting the background for purposes of addressing Respondents' motion, the court will rely not only upon the Petition, but also upon Respondents' motion and its attachments.

**BACKGROUND**

The facts underlying the Petition center on efforts by Revenue Agent Cody Nelson ("Nelson") to collect the self-reported and assessed federal employment tax liabilities of Computer Learning Centers, which failed to pay federal employment taxes during 2016. As part of those efforts, Nelson is investigating whether Curtis Jones ("Jones"), president of Computer Learning Centers, may be responsible for the unpaid federal employment taxes. In connection

with that investigation, Nelson prepared a third-party summons directed at JPMorgan Chase Bank to produce certain books, records, papers, and other data ("Summons").

On or about November 14, 2016, Nelson sent an attested copy of the Summons to JPMorgan Chase Bank by certified mail. The United States Postal Service received that mailing on November 16, 2016, and JPMorgan Chase Bank received it sometime thereafter.

Also on or about November 14, 2016, Nelson sent a copy of the Summons and the required Form 6639 Notice of Service of Summons ("Notice") to Petitioner via certified mail. The United States Postal Service received that mailing on November 16, 2016, and Jones received it on November 18, 2016.

Jones filed the Petition and an accompanying memorandum of law with this court on December 13, 2016.[4] The Petition names the United States, the Commissioner of Internal Revenue, and Nelson. The certificate of service for the Petition shows that the Petition and the memorandum of law were mailed on December 12, 2106, to two parties: Nelson and JPMorgan Chase Bank.[5] Although Petitioner acknowledges in the Petition that Nelson is located at an Internal Revenue Service office in Salt Lake City, Utah, the certificate shows that the Petition and memorandum of law were sent to Nelson at an address in Virginia.[6]

---

[4] *See* docket nos. 1, 2.

[5] *See* docket no. 3.

[6] *See id*.

**ANALYSIS**

In their motion to dismiss, Respondents first argue that the United States is the only proper party to this action and, therefore, that the Commissioner of Internal Revenue and Nelson should be dismissed from this action. Respondents next argue that the court lacks subject matter jurisdiction over the Petition because it was not filed in a timely fashion and because Petitioner failed to properly serve Nelson. Finally, Respondents argue that the Petition should be dismissed under rule 12(b)(5) for failure to comply with the requirements of rule 4 of the Federal Rules of Civil Procedure. The court will address Respondents' arguments in turn.

**I.      The United States Is the Only Proper Party to This Action.**

Respondents argue that the only proper party to a taxpayer's suit challenging a third-party summons is the United States. The court agrees.

In order to bring a suit against the Department of Treasury, the Internal Revenue Service, or the Commissioner of Internal Revenue, Congress must first authorize it. *See Blackmar v. Guerre*, 342 U.S. 512, 515 (1952). The operative statute in this case, 26 U.S.C § 7609, provides for only a suit against the United States, not the Commissioner of Internal Revenue. *See* 26 U.S.C. § 7609; *Fisher v. United States*, 676 F. Supp. 2d 1165, 1168 (W.D. Wash. 2009). Further, Revenue Officer Nelson is not a proper party to this lawsuit because any suits against a federal officer in his or her official capacity are barred by the doctrine of sovereign immunity. *See Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989). Accordingly, the court concludes that both the Commissioner of Internal Revenue and Nelson should be dismissed from this action.

## II. This Court Lacks Subject Matter Jurisdiction Over the Petition.

### A. The Petition Was Not Filed in a Timely Fashion.

Respondents correctly contend that this court does not have subject matter jurisdiction over this action because Petitioner did not comply with 26 U.S.C. § 7609(b)(2) when he filed the Petition. Section 7609(h)(1) is a jurisdictional statute and provides the district court jurisdiction to hear challenges to third-party summonses pursuant to section 7609(b)(2). *See Pflum v. United States*, No. 97-3040, 1997 WL 606909, at *2 (10th Cir. Oct. 2, 1997) (unpublished). Section 7609(b)(2)(A) waives the United States' sovereign immunity by providing "any person who is entitled to notice of summons under subsection (a) . . . the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2)." 26 U.S.C. § 7609(b)(2)(A).

Additionally, "any exercise of a court's jurisdiction over the government depends on the government's consent" and waivers of "sovereign immunity must be strictly construed." *Faber v. United States*, 921 F.2d 1118, 1119 (10th Cir. 1990). "[T]he fact that people must turn square corners when they deal with the Government does not reflect a callous outlook. It merely expresses the duty of all courts to observe the conditions defined by Congress for charging the public treasury." *George v. United States*, 672 F.3d 942, 945 (10th Cir. 2012) (quotations and citations omitted). Accordingly, the time limit provided in section 7609(b)(2) must be strictly construed. *See Faber*, 921 F.2d at 1119. Furthermore, because there are no exceptions to the time limit apparent in the language of section 7609(b)(2), "[t]he government's waiver of sovereign immunity ends–and thus jurisdiction ends–when the twenty-day limitation period has run." *Id*.

In this case, the United States Postal Service received the Notice on November 16, 2016. Thus, the last day Petitioner could have filed the Petition was December 6, 2016. However, Petitioner did not file this action until December 13, 2016, seven days beyond the deadline provided in section 7609(b)(2). Therefore, because Petitioner failed to comply with section 7609, the government's waiver of sovereign immunity has expired, and this court is without subject matter jurisdiction to hear the Petition. Accordingly, the court concludes that the Petition should be dismissed for lack of subject matter jurisdiction.

### B. Petitioner Failed to Properly Serve Nelson Under Section 7609(b)(2)(B).

Respondents also correctly note that Petitioner failed to properly serve Nelson. Section 7609(b)(2)(B) provides that a third party seeking to quash a summons must "mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1)." 26 U.S.C. § 7609(b)(2)(B).

Here, the Petition's certificate of service fails to indicate that either JPMorgan Chase Bank or Nelson were served via registered or certified mail. Moreover, the certificate of service indicates that the Petition was sent to Nelson at an incorrect address. Indeed, the certificate of service states that the Petition was sent to Nelson at an address in Virginia, yet Petitioner acknowledges in the Petition that Nelson is located in Salt Lake City, Utah. Consequently, Petitioner has failed to comply with section 7609(b)(2)(B). For this alternative reason, the court concludes that the Petition should be dismissed for lack of subject matter jurisdiction.

### III. Petitioner Has Not Complied with Rule 4.

Finally, Respondents maintain that the Petition should be dismissed because Petitioner failed to comply with rule 4. Specifically, Respondents contend, Petitioner has not properly

served the Petition because it was not served upon the United States or the United States Attorney General, violating rule 4(i).

A party seeking to serve the United States, its agencies, and employees or officers named either in their official or individual capacities must comply with rule 4(i). *See* Fed. R. Civ. P. 4(i). In relevant part, rule 4(i) provides that in order to properly serve the United States, a party must "deliver a copy of the summons and of the complaint to the United States attorney for the district where action is brought" or send a copy of the summons and complaint "by registered or certified mail to the civil-process clerk at the United States attorney's office" Fed. R. Civ. P. 4(i)(1)(A)(i)-(ii). Additionally, the party must also send a copy of the summons and complaint "by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1)(B).

In this case, the certificate of service demonstrates that the Petition was not served in any of the ways described above. Accordingly, for this alternative reason, the court concludes that the Petition should be dismissed pursuant to rule 12(b)(5).

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, it is hereby recommended that Respondents' motion to dismiss[7] be GRANTED, the Petition[8] be DENIED, and this action be DISMISSED.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being

---

[7] *See* docket no. 5.

[8] *See* docket no. 1.

served with a copy of it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 31st day of August, 2017.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge